Case 07-19529-PGH    Doc 57    Filed 04/28/08    Page 1 of 5



**ORDERED in the Southern District of Florida on April 28, 2008.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:

WILLIAM MORRIS WEATHERS,           Case No. 07-19529-BKC-PGH
                                                      Chapter 7
         Debtor.
_____/

## ORDER SUSTAINING TRUSTEE'S OBJECTION
## TO DEBTOR'S HOMESTEAD EXEMPTION

THIS CAUSE came on before the Court for an evidentiary hearing in West Palm Beach, Florida, on April 16, 2008, upon the Trustee's, Robert C. Furr, Objection to Exemptions, Objection to Amended Schedule C, and Application for Turnover (DE #35) ("Objection to Exemptions"). The Court, having reviewed the Objection to Exemptions, being advised by counsel for the Debtor and the Trustee that the sole issue to be resolved at the evidentiary hearing was the Trustee's objection to the claimed homestead exemption related to the two parcels of real property identified as 8310 Winslow Drive, St. James City, Florida and 8300 Winslow Drive, St. James City, Florida ("St. James City Properties"), i.e., whether the Debtor abandoned his homestead interest in the St. James City Properties, and that all other issues raised

in the Trustee's Objection to Exemptions would be resolved by the parties and/or be brought before the Court at another time, the Court having considered the joint exhibits submitted into evidence and the Debtor's testimony and demeanor, hereby makes the following findings of facts and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

**FINDINGS OF FACT**

On November 1, 2007, the Debtor filed his Chapter 7 voluntary bankruptcy petition and associated schedules. On February 5, 2008, the Debtor filed an Amendment to Schedules (D.E. #28). In the Debtor's amended schedules, the Debtor claimed the St. James City Properties exempt pursuant to the Florida Constitution's homestead exemption. The St. James City Properties, located in Lee County, include 8310 Winslow Drive, which is a parcel containing a single family home and 8300 Winslow Drive which is a vacant lot contiguous to the 8310 Winslow Drive parcel.

The Debtor resided in the St. James City Properties from 1993 through October 2005. In October 2005, the Debtor purchased and moved to a house located at 8960 Alexandra Circle in Palm Beach County. The Debtor testified that the two reasons he moved from the St. James City Properties to Palm Beach County were that his father, who resided in Palm Beach County, was ill and that he was starting a new business in Palm Beach County with his brother, who also resided in Palm Beach County.

The Debtor testified that although he did not currently reside at the St. James City Properties, it was his intention to move back there and make it his homestead. The only extrinsic evidence consistent with the Debtor's stated intention to move back to and make the St. James City Properties his homestead was that he maintained his voter's registration in St. James City and that he had filed for the real property homestead tax exemption in Lee County.

However, contrary to the Debtor's stated intention of moving back to and making the St. James City Properties his homestead, the following extrinsic evidence was presented:

(1) The Debtor's bankruptcy petition lists his residence as Palm Beach County;

(2) On October 11, 2005, the Debtor purchased a home in Palm Beach County;

(3) The Debtor has been a full time resident of Palm Beach County since October 2005;

(4) The Debtor's 2005 and 2006 tax returns reflect his Palm Beach County address;

(5) The Debtor's current Florida driver's license reflects his Palm Beach County address;

(6) The Debtor receives all his mail and bills at his Palm Beach County address;

(7) The Debtor has been employed in Palm Beach County since March 2006;

(8) The Debtor's wife lives with the Debtor at his Palm Beach County home;

(9) The Debtor's wife is employed in Palm Beach County;

(10) The Debtor formed a new business in Palm Beach County and;

(11) The Debtor's accountant is in Palm Beach County.

Unfortunately, the Debtor's father passed away in September 2007 and that the Debtor's attempted business with his brother closed in March 2007. Notwithstanding the Debtor's testimony that the two reasons he moved from the St. James City Properties to Palm Beach County were that his father was ill and that he was going into business with his brother, the Debtor continues to reside in Palm Beach County.

Although the Debtor testified that it was his intention to return to the St. James City Properties, the court finds that the overwhelming extrinsic evidence was contrary to the Debtor's stated intention and that the Debtor, in fact, abandoned his homestead interest in the St. James City Properties.

**CONCLUSIONS OF LAW**

It is the Trustee's burden to prove that the Debtor abandoned his homestead interest in the St. James City Properties. In re Beebe, 224 B.R. 817 (Bankr. N.D. Fla. 1998). Under Florida law, abandonment of homestead may be proven only by strong showing of debtor's intent not to return to his residence. In re Herr, 197 B.R. 939 (Bankr. S.D. Fla. 1996). A Debtor's expression of his intention to occupy property as permanent residence is probative of the property's exempt homestead status, but if debtor acts inconsistently with his self-professed intention to establish

homestead, the claim for homestead exemption may fail. In re Bratty, 202 B.R.1008 (Bankr. S.D. Fla. 1996).

Based upon the findings of fact above, the Court finds that the Debtor abandoned any homestead interest he had in the real property located at 8310 Winslow Drive, St. James City, Florida and 8300 Winslow Drive, St. James City, Florida.

In accordance with the above findings of fact and conclusions of law it is hereby **ORDERED AND ADJUDGED** that:

The Trustee's objection to the homestead exemption regarding 8310 Winslow Drive, St. James City, Florida and 8300 Winslow Drive, St. James City, Florida is sustained and said property is property of the bankruptcy estate.

The Debtor is ordered to turnover all keys to the property and provide alarm codes, if any, to the Trustee within 10 days after entry of this order.

###


Submitted By:

Marc P. Barmat, Esq.
Furr and Cohen, P.A.
Attorney for Trustee
One Boca Place, Suite 337W
2255 Glades Road
Boca Raton, Florida  33431
Telephone: 561-395-0500
Fax: 561-338-7532
E-mail: mbarmat@furrcohen.com

Attorney Marc P. Barmat is directed to serve a conformed copy of this Order on the parties listed below and file a certificate of service with the Court.

**SERVED VIA ECF AND/OR U.S. MAIL:**

- Robert C Furr    trustee@furrcohen.com, FL21@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Scott R. Weiss    scott.weiss@marshallwatson.com, Yolanda.kamperveen@marshallwatson.com
- Stuart A Young    syoung81@bellsouth.net

William Weathers, Debtor
8960 Alexandra Circle
West Palm Beach, FL 33414